UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOYCE CARR and JOHN SEARIGHT,

    Plaintiffs,

v.

                              Case No. 23-cv-12925

COLLATERAL RECOVERY &             Hon. Sean F. Cox
INVESTIGATION, LLC and VENTURE    United States District Court Judge
AUTO FINANCE, LLC,

    Defendants.
_____/

## OPINION & ORDER GRANTING DEFENDANT, VENTURE AUTO FINANCE, LLC'S RULE 12(B)(6) MOTION TO DISMISS (ECF No. 6)

The plaintiffs in this case assert claims against a repossession agency and a financing company stemming from an unsuccessful attempt to repossess a vehicle. The Court now dismisses the plaintiffs' claims against the financing company.

## BACKGROUND

Plaintiffs Joyce Carr and John Searight filed this suit against Defendants Collateral Recovery & Investigation, LLC ("Collateral") and Venture Auto Finance, LLC ("Venture") on November 16, 2023. (ECF No. 1). The Complaint raises one federal and two state-law claims, all three of which stem from an unsuccessful attempt to repossess Searight's vehicle. Plaintiffs invoke federal-question jurisdiction with respect to their federal claim and ask the Court to exercise supplemental jurisdiction over their state-law claims.

In Count I, Carr and Searight assert a claim against Collateral under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p. In Count II, Carr and Searight assert a claim against Collateral and Venture under Michigan's Uniform Commercial Code

1

("MUCC"), Mich. Comp. Laws Ann. §§ 440.1101–440.11102 (West 2003). And in Count III, Carr asserts a negligence claim against Collateral and Venture.

The facts alleged in the Complaint are as follows. Searight purchased a car with a note financed by Venture, and Venture contracted with Collateral to repossess the car. On the morning of April 8, 2023, Searight's car was parked in the driveway of his and Carr's shared house and Carr was asleep inside Searight's vehicle. An individual who identified him or herself as an employee of Collateral arrived at Plaintiffs' home, struck and lifted Searight's vehicle, and Carr was "tossed violently around the cabin of the vehicle." (ECF No. 1, PageID.3).

Carr "immediately objected to the repossession," but the individual "refused to stop the repossession" and "started mocking Ms. Carr, calling her pathetic and poor and other derogatory terms. . . . After approximately several more minutes of back and forth, the Defendants' repo agent eventually left the vehicle and departed the scene of the attempted repossession." (*Id.*).

Venture now moves the Court to dismiss Plaintiffs' claims against it under Fed. R. Civ. P. 12(b)(6) and alternatively to decline supplemental jurisdiction over those claims. (ECF No. 6). Venture's motion has been fully briefed, and the Court heard oral argument. Plaintiffs clarified at oral argument that Carr abandons her MUCC claim against Defendants. For the following reasons, the Court grant's Venture's motion to dismiss.

## ANALYSIS

Venture moves the Court to dismiss Searight's MUCC claim (Count I) and Carr's negligence claim (Count II) against it under Fed. R. Civ. P. 12(b)(6). Venture alternatively asks the Court to decline supplemental jurisdiction over these claims because they raise novel or complex state-law questions and would predominate over Plaintiffs' sole federal claim (Count I) against its codefendant, Collateral.

and alternatively asks the Court to decline supplemental jurisdiction over that claim.

## I. Supplemental Jurisdiction

Venture argues that the Court should decline supplemental jurisdiction over Searight's MUCC claim and Carr's negligence claim against it. The Court agrees in part.

### A. Standard of Review

This Court may decline to exercise supplemental jurisdiction over a state-law claim for four reasons: (1) "the claim raises a novel or complex issue of State law"; (2) "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction"; (3) "the district court has dismissed all claims over which it has original jurisdiction"; or (4) "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

### B. Analysis

Venture argues that the Court should decline supplemental jurisdiction over Plaintiffs' claims against it for three reasons. *First*, Venture challenges Count II on the ground that Carr may lack standing to assert a claim against it under the MUCC, and that resolving this question would require the Court to address a novel or complex state-law question. Venture asks the Court to decline supplemental jurisdiction over the claims raised against it in Count II for this reason.

However, the question of whether Carr has standing to assert the claim she raises in Count II is moot because Plaintiffs clarified at oral argument that Carr abandons her MUCC claim. Thus, the Court does not decline supplemental jurisdiction over the claims Searight raises against Venture in Count II on this ground.

*Second*, Venture argues that Carr may be barred from recovering in tort for injuries she suffered in connection with the attempted repossession under Michigan's economic loss doctrine,

3

and that resolving this question would also require the Court to address novel or complex state-law questions. Venture asks the Court to decline supplemental jurisdiction over the claims Carr raises against it in Count III.

Because Plaintiffs did not respond to this argument in their response to Venture's motion to dismiss, the Court presumes that the question of whether Carr may recover in tort from Venture *or* Collateral for injuries she suffered in connection with the attempted repossession is a complex or novel state-law question not fit for resolution in this Court. Therefore, the Court declines supplemental jurisdiction over Count III *in toto*.

*Third*, Venture avers that the claims Plaintiffs raise against it in Counts II and III, which both sound in state law, will predominate over the federal claim raised in this case, namely, Plaintiffs' FDCPA claim against Collateral in Count I. This argument only applies to Searight's MUCC claim against Venture because Carr abandons her MUCC claim against both Collateral and Venture and the Court declines supplemental jurisdiction over Carr's negligence claim. However, Searight's MUCC claim against Venture is intertwined with Plaintiffs' FDCPA claim against Collateral.

The FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person." 15 U.S.C. § 1692k(a). Count I, Plaintiffs' FDCPA claim, alleges that Collateral failed to comply with the FDCPA's prohibition on "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if": (1) "there is no present right to possession of the property claimed as collateral through an enforceable security interest"; or (2) "the property is exempt by law from such dispossession or disablement." 15 U.S.C. § 1692f(6)(A), (C).

4

"Courts presented with the issue of determining whether a repossession agency violated § 1692f(6) look to the applicable self-help repossession state which identifies the circumstances under which an enforcer of a security interest does not have a present right to the collateral at issue." *Alexander v. Blackhawk Recovery & Investigation, L.L.C.*, 731 F. Supp. 2d 674, 679 (E.D. Mich. 2010). And Michigan's self-help repossession statute is section 9-609 of the MUCC. *See id.* at 680.

Count I, Plaintiffs' FDCPA claim, alleges that Collateral violated section 9-609 of the MUCC, and therefore is liable under the FDCPA, when it attempted to repossess Searight's car after breaching the peace. And Count II, Searight's MUCC claim, alleges that Venture violated section 9-609 of the MUCC, and therefore is liable under the MUCC.

Because the Court *must* eventually resolve the state-law question of whether Collateral violated the MUCC as an element of Plaintiffs' federal claim, the same question with respect to Venture in the context of Searight's MUCC claim would not predominate over Plaintiffs' FDCPA claim. The Court does not decline supplemental jurisdiction over Searight's MUCC claim against Venture.

## II. Failure to State a Claim

With respect to Plaintiffs' remaining claim against Venture—Searight's MUCC claim—Venture argues that the Complaint fails to state a claim. The Court agrees.

### A. Standard of Review

In reviewing a motion to dismiss under Rule 12(b)(6), this Court must determine whether the plaintiff pled "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). And "[a] claim has facial plausibility when the plaintiff

5

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

> B. **Searight fails to state a claim upon which relief may be granted under the MUCC.**

Venture argues that Searight fails to state an MUCC claim against it for two reasons. *First*, Venture contends that section 9-609 of the MUCC does not prohibit attempted repossessions, but only completed repossessions, and the Complaint pleads that Searight's vehicle was not successfully repossessed. The Court declines to address this question because Venture's second Rule 12(b)(6) challenge to Searight's MUCC claim is dispositive.

*Second*, Venture argues that the Complaint fails to plead that Searight suffered any damages because his vehicle was "struck" *before* any breach of the peace occurred, and Venture failed to respond to this argument in its response to Venture's motion to dismiss. Consequently, the Court presumes that Searight fails to plausibly plead an MUCC claim against Venture.

## CONCLUSION & ORDER

In the Complaint, Plaintiffs raise an FDCPA claim against Collateral in Count I and an MUCC claim against Collateral and Venture in Count II. Carr voluntarily abandons her MUCC claims against both Collateral and Venture and Searight fails to state an MUCC claim against Venture. In Count III of the Complaint, Carr asserts a negligence claim against Collateral and Venture. The Court declines supplemental jurisdiction over this claim. Only Plaintiffs' FDCPA claim against Collateral (Count I) and Searight's MUCC claim against Collateral (Count II) remain in this case.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Venture Auto Finance, LLC's "Rule 12(B)(6) Motion to Dismiss" is **GRANTED**.

**IT IS FURTHER ORDERED** that the claim Plaintiff Joyce Carr raises against Defendant Venture Auto Finance, LLC in Count II of Plaintiffs' Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(1).

**IT IS FURTHER ORDERED** that the claim Plaintiff John Searight raises against Defendant Venture Auto Finance, LLC in Count II of Plaintiffs' Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS FURTHER ORDERED** that Count III of Plaintiffs' Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(1).

**IT IS SO ORDERED.**

Dated:  March 27, 2024						s/Sean F. Cox
								Sean F. Cox
								U. S. District Judge

I hereby certify that on March 27, 2024, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

								s/Jennifer McCoy
								Case Manager